Rogers, Chas. v. Rockingham Cty.     CV-96-560-SD  09/08/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Charles F. Rogers

        v.                              Civil No. 96-560-SD

County of Rockingham;
Rockingham County House
 of Corrections;
Superintendent, Rockingham
 County House of Corrections;
EMSA Correctional Care;
Sandra Chapman, Senior Supervisor
 for EMSA Correctional Care;
Heather Fleming;
Joan Houghtaling


O R D E R

        Plaintiff Charles Rogers brought this case under 42 U.S.C. § 1983 challenging the conditions of his confinement in the Rockingham County House of Corrections.  Currently before the court is the Rockingham County defendants' motion for reconsideration.


1.  Rockingham County Defendants' Motion for Reconsideration (document 92)

        In an order dated July 23, 1998, this court denied defendants' motion for summary judgment as to Count II (denial

of exercise) because defendants offered no evidence of reasonable exercise opportunities provided to plaintiff.  Defendants have now provided evidence that supports the inference that plaintiff was provided reasonable exercise opportunities.  Although plaintiff was restricted from participating in the outdoor exercise program for health reasons, indoor exercise equipment was available to him.  Thus plaintiff was not denied a reasonable opportunity to exercise.

The court also denied defendants' motion for summary judgment as to Count XIV (unconstitutional phone system) on the ground that defendants had not asserted a valid penological interest to justify restrictions on the use of the telephone. Defendants have now submitted evidence supporting the inference that the restrictions were necessary to prevent fraud by prisoners using the jail telephone.  First, inmates were fraudulently billing calls to unconsenting third-party members of the public.  Allowing only collect calls solved this problem. Second, inmates were using the telephone to harass members of the public.  An announcement at the commencement of a telephone call that the call originates from a jail responds to this problem.

Although "'parties should not use [a rule 59 motion] to raise arguments which could, and should, have been made before judgment issued,'" <u>Jorge Rivera Surillo & Co., Inc., v. Falconer</u>

2

Glass Industries, Inc., 37 F.3d 25, 29 (1st Cir. 1994) (quoting Federal Deposit Ins. Corp. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)), the court is persuaded that summary judgment should be granted on the two remaining claims against the Rockingham County defendants.

## 2. The Private Defendants

Defendants EMSA Correctional Care, Joan Houghtaling, and Sandra Chapman have not moved for summary judgment. The court, however, notes that it has granted summary judgment in favor of the Rockingham County defendants on plaintiff's section 1983 claim based on inadequate medical treatment. Thus it would appear that summary judgment in favor of the private defendants on the 1983 claim would likewise be appropriate. The court is prepared to enter summary judgment sua sponte on this claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments sua sponte"). Although the plaintiff has already had the opportunity to come forth with his proof as to this claim, in an abundance of caution, the court will grant the plaintiff until September 28, 1998, to respond.

3

Conclusion

For the abovementioned reasons, the Rockingham County defendants' motion for reconsideration (document 92) is granted. The court modifies its earlier order on summary judgment, hereby granting summary judgment on the two remaining claims against the Rockingham County defendants. Plaintiff will have until September 28, 1998, to oppose the entry of summary judgment in favor of the private defendants on his section 1983 claim.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 8, 1998

cc:  Charles F. Rogers, pro se
     Dyana J. Crahan, Esq.
     Cynthia L. Fallon, Esq.

4